UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas Gary Corscadden,

    Plaintiff,

v.

Lucinda Jesson, et al.,

    Defendants.

Case No. 15cv50 (WMW/SER)

**REPORT AND RECOMMENDATION AND ORDER**

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Plaintiff Thomas Gary Corscadden's ("Corscadden") Motion for Default Judgement Pursuant to Fed. R. Civ. P. 55 ("Motion for Default Judgment") [Doc. No. 33] and Corscadden's Motion to Amend [Doc. No. 45].[1] This matter was referred pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the Motion for Default Judgment without prejudice, and the Court denies the Motion to Amend without prejudice.

## I.  BACKGROUND

### A.  Factual Background

Corscadden, a client of the Minnesota Sex Offender Program ("MSOP"), initiated this civil rights case pursuant to 42 U.S.C. § 1983 on January 9, 2015. (Compl. for Violation Of Civil Rights Under 42 U.S.C. 1983) [Doc. No. 1]. This Court ordered Corscadden to file an amended complaint, stating:

---

[1]  This motion's title is shortened by the Court; its full title is Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a)(2), (c)(1)(B) and LR 15.1, of the Local Rules for the United States District Court, District of Minnesota. *See* [Doc. No. 45].

> Corscadden's Complaint purports to bring claims against 60 defendants, each of whom is alleged to have violated Corscadden's constitutional rights during his civil detention. That said, Corscadden's complaint fails to raise specific factual allegations against a great number of the defendants; indeed, many of the defendants are not mentioned at all in the complaint outside of the caption. Neither those defendants nor the Court have been adequately put on notice as to what those defendants did (or failed to do) that violated the law. More is needed from Corscadden under Rule 8 of the Federal Rules of Civil Procedure.
>
> If Corscadden wishes to proceed against each of the defendants named in this litigation, he must file an amended complaint raising factual allegations specific to each defendant against whom claims are brought.

(Order Dated Feb. 25, 2015) [Doc. No. 3 at 2–3] (emphasis omitted). Corscadden filed an amended complaint on May 19, 2015, and the Court granted Corscadden *in forma pauperis* status. (Compl. For Violation Of Civil Rights Under 42 U.S.C. 1983—Amendment, "Am. Compl.") [Doc. No. 8]; (Order on Appl. to Proceed Without Prepayment of Fees) [Doc. No. 9].

The fifty-seven page Amended Complaint names seventy-two defendants and alleges that MSOP employees confiscated mail addressed to or sent by Corscadden. *See generally* (Am. Compl.). Although Corscadden details numerous dates on which the alleged constitutional violations occurred, the actions follow the same general pattern: Corscadden either sent or received mail that MSOP employees confiscated. *See, e.g.*, (*id.* ¶¶ 48–49, 87, 177). Confiscated outgoing mail was returned to Corscadden instead of mailed out. (*Id.* ¶¶ 48–49). Confiscated incoming mail was either returned to Corscadden because no contraband was found, or Corscadden was required to mail the seized item or letter out of MSOP or it would be destroyed. *See, e.g.*, (*id.* ¶¶ 87, 177). In some instances, the confiscated mail was "routed to clinical," which Corscadden alleges violates the MSOP Media Policy and violates his due process rights. *See, e.g.*, (*id.* ¶ 125). Sometimes Corscadden was charged for postage even though the mail for which he had purchased postage was not sent. *See, e.g.*, (*id.* ¶ 133). Corscadden alleges that charging him for postage he was unable to use is "embezzlement and/or petty [theft]." (*Id.*).

Corscadden alleges the mail seizures violate his constitutional rights under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution. (*Id.* at 56). He seeks a permanent injunction ordering defendants "to refrain from confiscating commercially produce[d] media, and/or any other type [of] media that would be considered to be personal letters/mail, which society does not consider to be pornographic, and to refrain from censoring plaintiff's right to free speech and religion." (*Id.*). He also seeks compensatory and punitive damages for each violation. (*Id.*). The Amended Complaint addresses alleged constitutional violations during the time periods January 2, 2013, through October 29, 2013, and April 7, 2014, through December 31, 2014. *See generally* (*id.*).

On January 8, 2016, Corscadden filed what appears to be a supplemental complaint that makes similar allegations for events that took place during 2015. *See* (Compl. For Violation Of Civil Rights Under 42 U.S.C. 1983—Continuance For 2015, "Suppl. Compl.") [Doc. No. 29]. Corscadden alleges these events constituted violations of his rights under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution, his rights under the "State of Minnesota's 1st, 4th, and 14th Amendments," as well as his "right to liberty." (*Id.* at 34).

B.   **Procedural Background**

Summonses were issued on June 12, 2015, and many, but not all, defendants named in the Amended Compliant were "served" by "certified mail" on June 29, 2015.[2] *See* (Summonses Issued) [Doc. Nos. 10–17]; (Summonses Returned) [Doc. Nos. 18–26].

On December 21, 2015, the Court noted no defendant had entered an appearance and

---

[2]   Tara Halverson was "served" on July 1, 2015. (Summons Returned Executed) [Doc. No. 21 at 9]. Some returned summonses do not have dates of service. *See* [Doc. No. 25]. Further, some summonses were returned unexecuted. *See, e.g.*, [Doc. Nos. 18, 26].

more than 120 days had elapsed since the initiation of the suit.[3] (Order Dated Dec. 21, 2015) [Doc. No. 27 at 1]. The Court ordered Corscadden to (1) notify defendants that they had to appear or move for an extension; (2) file an application for entry of default; or (3) advise the Court of any good cause why he could not comply with the order. (*Id.* at 3). In response, Corscadden argued defendants had failed to timely respond and purported to seek entry of default and default judgment against defendants. (Pl.'s Resp. to Court's Order of Dec. 21, 2015, "Corscadden's Service Resp.") [Doc. No. 28 at 3–6, 8]. On January 14, 2016, Assistant Attorney General Kelly L. Meehan ("Meehan"), who represents the MSOP, responded to Corscadden's Service Response.[4] (Letter to Mag. J. Dated Jan. 14, 2016) [Doc. No. 30]. Meehan stated that service had not been attempted for some defendants and asserted that none of the defendants for whom service was attempted were served in compliance with Federal Rule of Civil Procedure 4. (*Id.* at 1–2). Corscadden filed a letter in response, asserting that he is entitled to rely on the U.S. Marshals Service's representation for those defendants for whom service was attempted, and, therefore, service was effective. *See generally* (Letter to Mag. J. Dated Jan. 22, 2016) [Doc. No. 31].

On March 10, 2016, Corscadden moved for default judgment against all named defendants. (Mot. for Default J. at 3). The following day, the Court ordered the U.S. Marshals Service to "mail a request for waiver of service to each defendant subject to service under Rule 4(e), (f), or (h) of the Federal Rules of Civil Procedure." (Order Dated Mar. 11, 2016) [Doc. No.

---

[3]   The Federal Rules of Civil Procedure were amended effective December 1, 2015, which changed the time to serve a complaint from 120 days to 90 days. *See* Fed. R. Civ. P. 4, advisory committee's note to 2015 amendment. Because Corscadden's complaint was filed before the Rules were amended, the Court applied the 120-day requirement.

[4]   Although Meehan's letter is dated January 12, 2016, it was not docketed until January 14, 2016, because Meehan initially sent the letter through U.S. mail. Throughout this Report and Recommendation and Order, the Court refers to the dates documents were filed, rather than sent, for ease of reference. The difference in these dates is not material to the Court's analysis.

34 at 2]. The Court noted that

> [i]f a defendant subject to service under those provisions fails, without good cause, to sign and return the waiver, this court shall impose upon the defendant the expenses later incurred in making service. *See* Fed. R. Civ. P. 4(d). Each defendant not subject to service under Rule 4(e), (f), or (h) shall be served in a manner otherwise consistent with Rule 4.

(*Id.*). The Court also noted that it was "Corscadden's responsibility to provide the U.S. Marshals Service with sufficient information to effect service of process or seek waiver of service of process as required by Rule 4." (*Id.*).

A court-only note reflects that the Clerk of Court received seventy-one Marshal Service Forms from Corscadden; it did not receive a form for Defendant Dianna Borstad. The Clerk of Court issued summonses on May 18, 2016. *See* [Doc. Nos. 36–44].

Corscadden filed his Motion to Amend on May 31, 2016. The docket does not reflect that any summonses have been executed, and to date, no defendant has appeared or otherwise responded.

## II.   MOTION FOR DEFAULT JUDGMENT

At a party's request, a court may enter default judgment against a party who "'has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure].'" *Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003) (quoting Fed. R. Civ. P. 55(a));[5] *see also* Fed. R. Civ. P. 55(b). An "entry of default under Rule 55(a) must precede a grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Default judgment is "only appropriate where there has been a clear record of delay or contumacious conduct." *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir. 1988) (internal quotation

---

[5]   Rule 55(a) currently states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

5

marks omitted). "[E]ntry of default judgment should be a rare judicial act." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (internal quotation marks omitted).

The record demonstrates that entry of default has not been entered as to any defendant. *See* Fed. R. Civ. P. 55(a). Therefore, default judgment is not appropriate. *See Johnson*, 140 F.3d at 783. Even if the Court were to construe Corscadden's motion as one for entry of default under Rule 55(a), however, the motion must be denied. "[A] party seeking entry of default must show that the defendant was properly served." *United States ex rel. Sammarco v. Ludeman*, Civil No. 09-0880 (JRT/JJK), 2010 WL 1335460, at *15 (D. Minn. Jan. 28, 2010) (Keyes, Mag. J.), *adopted by* 2010 WL 1609688 (Apr. 20, 2010) (Tunheim, J.); *see also Zeviar v. Local No. 2747, Airline, Aerospace & Allied Emps., IBT*, 733 F.2d 556, 558 n.3 (8th Cir. 1984); *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008). Here, Meehan, on behalf of at least some of the defendants, challenged service. *See* (Letter to Mag. J. Dated Jan. 14, 2016). As a result, this Court ordered service through the U.S. Marshals Service. (Order Dated Mar. 11, 2016). Summonses have been issued, and this process is presumably underway. *See* [Doc. Nos. 36–44]. Therefore, entry of default is premature.

This Court recommends the Motion for Default Judgment be denied without prejudice.

### III.   MOTION TO AMEND

Corscadden's Motion to Amend seeks leave to add eleven defendants, and his proposed amended complaint appears to be identical to the Supplemental Complaint. (Mot. to Amend at 1–2); (Am. Compl. for Violation Of Civil Rights Under 42 U.S.C. 1983) [Doc. No. 45-1]. A court may,

> [o]n motion and reasonable notice, . . . [and] on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim

or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). But when Corscadden filed the Supplemental Complaint, he did not comply with Federal Rule of Civil Procedure 15(d). Therefore, the Supplemental Complaint is not a properly filed pleading. *See id.* The Motion to Amend, however, appears to be an attempt to properly present Corscadden's request to file the Supplemental Complaint and appears to be a motion to supplement, rather than to amend. *See* Fed. R. Civ. P. 15(a), (d).

Regardless of Corscadden's intentions, the Court denies the Motion to Amend without prejudice "to secure the just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1. In light of the service issues addressed above, time must first be allowed for all defendants to be served with the operative complaint. Corscadden may renew his motion consistent with the Federal Rules of Civil Procedure and this District's Local Rules.

## IV. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Thomas Gary Corscadden's ("Corscadden") Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a)(2), (c)(1)(B) and LR 15.1, of the Local Rules for the United States District Court, District of Minnesota [Doc. No. 45] is **DENIED without prejudice**.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Corscadden's Motion for Default Judgement Pursuant to Fed. R. Civ. P. 55 [Doc. No. 33] be **DENIED without prejudice**.

Dated: July 14, 2016

                                                       *s/Steven E. Rau*
                                                       STEVEN E. RAU
                                                       United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.